IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NICHOLAS M. YOAKUM                                                               PLAINTIFF

v.                                         CIVIL NO. 23-cv-3046

MARTIN O'MALLY, Commissioner                                                     DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Nicholas M. Yoakum, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on January 11, 2021. (Tr. 14). In his applications, Plaintiff alleged disability beginning on March 23, 2020, due to spinal stenosis at L2, L3, L4, and L5, spinal stenosis nerve cluster in the neck, gout of the major toe bilaterally, and severe death affixation [sic] with suicide fixation. (Tr. 14, 241). An administrative hearing was on January 12, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 36–77). A vocational expert ("VE") also testified. *Id*.

On March 2, 2023, the ALJ issued an unfavorable decision. (Tr. 11–29). The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2025. (Tr. 16).

1

The ALJ found Plaintiff suffered from the severe impairments of: facet arthropathy of the lumbar spine, severe stenosis of the cervical spine, chronic pain, asthma, depression, anxiety, and intermittent explosive disorder. (Tr. 17). The ALJ found that Plaintiff's gout, hyperlipidemia, obstructive sleep apnea, thoracic spine scoliosis with degenerative disc disease, obesity, and alcohol use disorder were non-severe impairments. *Id*. The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17–20). The ALJ found that Plaintiff had the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to: occasionally climbing ladders, ropes, and scaffolds; occasionally stooping, kneeling, crouching, and crawling; occasionally reaching overhead bilaterally; no concentrated exposure to dust, fumes, or other pulmonary irritants; no extreme heat, extreme cold, or extreme humidity; understanding, remembering, and carrying out simple, routine, repetitive tasks; responding to usual work situations and routine work changes; and incidental social interaction with supervisors, co-workers, and the general public.
> (Tr. 20–26)

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 26–27). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of document preparer, addresser, and tube operator. (Tr. 27–28). The ALJ found Plaintiff had not been disabled as defined by the Act from March 23, 2020, through March 2, 2023, the date of the decision. (Tr. 28).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred by failing to evaluate the combined effect of all of Plaintiff's impairments; 2) whether the ALJ erred in evaluating Plaintiff's subjective complaints, ignoring the side effects of his medication; 3) whether the ALJ erred in assessing the opinion of Plaintiff's mental health provider, Lou Strain, LPE-I, which included an opinion that Plaintiff would be absent from work about four days per month; and 4) whether the ALJ's decision was supported by substantial evidence. (ECF No. 11). Defendant argues the ALJ's RFC findings were supported by substantial evidence. (ECF No. 13). Defendant argues the ALJ considered the combined effect of Plaintiff's impairments, as she stated in her decision. (ECF No. 13, p. 1, citing Tr. 17, 22). Defendant asserts that the ALJ did consider Plaintiff's subjective complaints, including his reports that his pain medications did cause fatigue, but that he was overall satisfied with them as they managed his pain. (ECF No. 13, p. 3). Further, the ALJ considered Plaintiff's own reports of activities including working on his lawnmower, helping a friend paint his house, doing household chores, and trout fishing. *Id*. p. 4.

Defendant argues the ALJ's RFC is well reasoned and provides even more restrictions than those opined by the non-examining physicians, accounting for all of Plaintiff's limitations. *Id*. Defendant argues that the ALJ properly considered the supportability and consistency factors in finding Mr. Strain's opinion only partially persuasive, as neither Mr. Strain nor the record provided support for his opinion that Plaintiff would miss four days of work per month, or that he would be unable to travel in unfamiliar places or meet competitive work standards.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ's assessment of Plaintiff's impairments and the limitations he experienced were well-reasoned, and consistent with the treatment records, and his self-reported activities. The ALJ considered Plaintiff's nonsevere impairments, including his response to medical management of these conditions, and considered his impairments in combination. (Tr. 17). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 7th day of October 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE